John F. Devine, Administrator, Appellee, v. Joseph C. Ficklin et al., Appellants.

Gen. No. 20,358.      (Not to be reported in full.)

Appeal from Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed with finding of fact. Opinion filed May 12, 1915.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Anna S. Keenan, deceased, against Joseph C. Ficklin and others, defendants, to recover damages for the death of plaintiff's intestate alleged to have been caused by defendants' negligence.

From a verdict and judgment for plaintiff for $400, defendants appeal.

The first count of the complaint alleged that on August 17, 1910, and prior thereto, the defendants were the owners and agents of and were in possession and control of a lot improved with a two-story frame building known as number 5238 Aberdeen street, Chicago, Illinois; that plaintiff's intestate resided in one of the flats with her parents as one of the family, while other apartments were occupied by other tenants; that two lavatories or water-closets for the joint use of the tenants were on the ground adjoining the rear part of said building; that at or near to said building was a certain garden or vegetable patch in which were growing different kinds of vegetables jointly used by and supplying food and nourishment to said tenants; that the defendants negligently allowed the water closets to become and remain in an unsanitary condition and allowed the pipes, drains and sewers to become and remain in an old, worn out and rotten and broken condition, thereby causing sewerage and fecal

matter to leak from said lavatories in the ground and
close to said vegetable patch, which leakage was liable
to infect said vegetables with disease, was dangerous
to the health and lives of persons eating said vegeta-
bles and inhabiting said apartments and constituted
a nuisance there; that defendants had or should have
had notice thereof; that said vegetable patch and
ground became infected with a germ of infectious dis-
ease known as typhoid fever, and that plaintiff's intes-
tate while exercising ordinary care for her own safety
and welfare, ate of said vegetables and contracted said
infectious disease, known as typhoid fever, which re-
sulted in her death.

The second count was substantially like the first with
the additional allegation that the conditions therein
mentioned existed prior to the renting of said premises
by the parents of the deceased, and were known to
defendants and unknown to the deceased.

The third count charged a violation by defendants
of the provisions of section 1061, entitled "Leasing
Unsanitary Buildings," and also section 1065, entitled
"Unsanitary Building Nuisance," of article VII of the
Municipal Code, and the seventh count charged a viola-
tion by defendants of section 1225 of said Municipal
Code, entitled "Adequate Water-Closets-Cases:" and
each of said third and seventh counts alleged that
plaintiff's intestate contracted said disease of typhoid
fever by eating said vegetables which were infected
with the germs of said disease.

The evidence established the following facts: That
the plumbing in the water closets, provided by defend-
ants for the use of the tenants in the building, was
permitted to become and to remain out of repair; that
by reason thereof said water closets were in an unsani-
tary and filthy condition; that fecal matter overran
said closets into the basement of the tenements and
upon the small tract of ground adjoining, in which
vegetables were cultivated and grown; that the father

of plaintiff's intestate, while living in the building, contracted typhoid fever and that he used one of said water-closets, while he was ill with said disease; that shortly thereafter plaintiff's intestate ate some of said vegetables, following which, she contracted said disease and died therefrom.

There was no direct proof tending to show that the vegetables which were grown in said tract of ground were infected with typhoid fever germs, nor that plaintiff's intestate contracted typhoid fever from eating said vegetables. The evidence showed that fecal matter discharged by a typhoid fever patient usually contained the germs of said disease; that when such fecal matter in the ground comes in contact with growing vegetables, it is possible that any typhoid fever germs in said fecal matter may lodge upon and adhere to said vegetables; that a person eating vegetables which are thus infected with said germs may thereby contract typhoid fever.

BENJAMIN F. J. ODELL, for appellants.

RICHARD J. FINN, for appellee; GEORGE H. FOSTER, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 226*—*when evidence insufficient to show that negligence of landlord was proximate cause of death of tenant's child.* In an action against a landlord by an administrator to recover for the death of a tenant's child, alleged to have been caused by defendants' negligence as to sanitary arrangements whereby fecal matter infected with typhoid germs leaked from the drain pipes and infected vegetables in a garden used by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tenants, which were eaten by plaintiff's intestate who thereby contracted typhoid fever which caused her death, the evidence examined and *held* not sufficient to show that such negligence was the proximate cause of the death.

2.  PRESUMPTIONS, § 23*—*when presumption without foundation.* A presumption cannot be based upon a presumption.

Anna Maher, Appellee, v. Chicago Railways Company, Appellant.

Gen. No. 20,365.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed May 12, 1915. Rehearing denied May 26, 1915.

Statement of the Case.

Action by Anna Maher, plaintiff, against Chicago Railways Company, a corporation, defendant, to recover damages for personal injuries.

Plaintiff's evidence tended to show that at about eleven o'clock on the night of March 24, 1911, she became a passenger upon one of defendant's northbound street cars, operated on Robey street, whereon it maintained double tracks up to a point a short distance south of Harrison street, at which point the double tracks converged into a single track which proceeded across Harrison street; that the convergence of the tracks at the point indicated necessitated a curve in the northbound track on Robey street, the radius of which curve was about seventy feet; that plaintiff purposed leaving the car when it stopped at Harrison street to take a westbound car on said street; that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.